Judith A. Lockhart
Michael H. Bauscher
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
lockhart@clm.com
bauscher@clm.com

-and-

Terry E. Welch
Royce B. Covington
Chad S. Pehrson
PARR BROWN GEE & LOVELESS
185 South State, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7840
twelch@parrbrown.com
rcovington@parrbrown.com
cpehrson@parrbrown.com

*Attorneys for Defendant CDI Media, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | | |
|---|---|---|
| TOSHIBA CORPORATION, | : | ECF CASE |
| | : | |
| Plaintiff, | : | Case No. 13-CIV-6760-SAS |
| | : | |
| -against- | : | **ANSWER AND AFFIRMATIVE** |
| | : | **DEFENSES OF CDI MEDIA, INC.** |
| CDI MEDIA, INC., | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |
| | : | |

-------------------------------------------------------X

Defendant CDI Media, Inc. ("CDI Media"), by and through its counsel of record, hereby

answers the Complaint of Toshiba Corporation as follows:

1.      CDI Media denies the allegations contained in paragraph 1 of the Complaint.

2.      CDI Media lacks sufficient knowledge or information to determine the truth of the

allegations in paragraph 2 of the Complaint and therefore denies the same.

3.      CDI Media admits the allegations contained in paragraph 3 of the Complaint.

4.      CDI Media admits that its principal place of business is Salt Lake City, Utah.  For lack of sufficient knowledge or information to determine the truth of the remaining allegations in paragraph 4 of the Complaint, CDI denies the same.

5.      CDI Media admits the allegations contained in paragraph 5 of the Complaint.

6.      CDI Media admits the allegations contained in paragraph 6 of the Complaint.

7.      CDI Media lacks sufficient knowledge or information to determine the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8.      CDI Media lacks sufficient knowledge or information to determine the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.      With respect to the allegations contained in paragraph 9 regarding the putative License Agreement, as that term is defined in the Complaint, CDI Media denies the allegations contained in paragraph 9 of the Complaint to the extent that they are inconsistent with or contradict the terms of the License Agreement and to the extent that there was never a meeting of the minds as to the terms of the License Agreement with sufficient specificity so as to make it enforceable. CDI Media denies the remaining allegations contained in paragraph 9 of the Complaint.

10.     With respect to the allegations in paragraph 10 regarding the putative License Agreement, as that term is defined in the Complaint, CDI Media denies the allegations in paragraph 10 of the Complaint to the extent that they are inconsistent with or contradict the terms of the License Agreement and to the extent that there was never a meeting of the minds as to the terms of the License Agreement with sufficient specificity so as to make it enforceable.

11.     CDI Media lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12.     With respect to the allegations in paragraph 12 regarding the putative License Agreement, as that term is defined in the Complaint, CDI Media denies the allegations in paragraph 12 of the Complaint to the extent that they are inconsistent with or contradict the terms of the License Agreement and to the extent that there was never a meeting of the minds as to the terms of the License Agreement with sufficient specificity so as to make it enforceable. CDI Media lacks sufficient knowledge or information to determine the truth of the remaining allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13.     With respect to the allegations in paragraph 13 regarding the putative License Agreement, as that term is defined in the Complaint, CDI Media denies the allegations in paragraph 13 of the Complaint to the extent that they are inconsistent with or contradict the terms of the License Agreement and to extent that there was never a meeting of the minds as to the terms of the License Agreement with sufficient specificity so as to make it enforceable. CDI Media lacks sufficient knowledge or information to determine the truth of the remaining allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14.     CDI Media denies the allegations in paragraph 14 of the Complaint and affirmatively alleges that any putative agreement between Plaintiff and CDI Media was terminated on or before July 22, 2008.

15.     CDI Media lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 15 of the Complaint and therefore denies the same.

16.     CDI Media lacks sufficient knowledge or information to determine the truth of the allegations in paragraph 16 of the Complaint and therefore denies the same. CDI Media further affirmatively alleges that any putative agreement between Plaintiff and CDI Media was terminated, along with any purported corresponding obligation to report royalties or tender payment, on or before July 22, 2008.

7316960.2

17. Paragraph 17 contains a legal conclusion to which no response is required. To the extent a response is required, CDI Media denies that it has failed to satisfy any legal obligations owing to Plaintiff. CDI Media further alleges that it has made royalty payments to entities with enforceable licenses.

18. With respect to the allegations in Paragraph 18 regarding the putative License Agreement, as that term is defined in the Complaint, CDI Media denies the allegations in Paragraph 18 of the Complaint to the extent that they are inconsistent with or contradict the terms of the License Agreement and to the extent that there was never a meeting of the minds as to the terms of the License Agreement with sufficient specificity so as to make it enforceable. CDI Media denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. CDI Media denies the allegations contained in paragraph 19 of the Complaint.

20. CDI Media admits to having received notices from various members of the DVDC6 licensing group. CDI Media denies the remaining allegations contained in paragraph 20 of the Complaint and affirmatively alleges any putative agreement between Plaintiff and CDI was terminated, along with any corresponding obligation to report royalties or tender payment, on or before July 22, 2008.

21. CDI Media admits to having communicated with Plaintiff's representatives by letter dated May 1, 2013 and affirmatively alleges that said letter speaks for itself. CDI Media denies the remaining allegations contained in paragraph 21 of the Complaint.

22. CDI Media denies the allegations contained in paragraph 22 of the Complaint and affirmatively alleges that any putative agreement between Plaintiff and CDI was terminated on or before July 22, 2008.

## FIRST CAUSE OF ACTION

-4-

23.     CDI Media incorporates by reference its responses to all preceding paragraphs, as though fully set forth herein.

24.     CDI Media denies the allegations contained in paragraph 24 of the Complaint and affirmatively alleges that there was never a meeting of the minds as to the terms of the putative agreement with sufficient specificity so as to make it enforceable.

25.     CDI Media denies the allegations contained in paragraph 25 of the Complaint and affirmatively alleges that any putative agreement between Plaintiff and CDI Media was terminated, along with any corresponding obligation to report royalties or tender payment, on or before July 22, 2008.

26.     CDI Media denies the allegations contained in paragraph 26 of the Complaint and affirmatively alleges that any putative agreement between Plaintiff and CDI Media was terminated, along with any corresponding obligation to report royalties or tender payment, on or before July 22, 2008.

27.     CDI Media denies the allegations contained in paragraph 27 of the Complaint and affirmatively alleges that any putative agreement between Plaintiff and CDI was terminated, along with any corresponding obligation to report royalties or tender payment, on or before July 22, 2008.

28.     CDI Media denies the allegations contained in paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials hereinabove set forth in their Answer, without admitting any of Plaintiff's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law against Plaintiff, CDI Media asserts the following defenses to Plaintiff's claims, and expressly reserves the right to allege additional affirmative defenses as they become known during this litigation:

7316960.2

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against CDI Media upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff alleges CDI Media breached the putative agreement at issue in this litigation by failing to report or remit royalty payments since April 2003. Plaintiff slept on its rights by not taking any action to enforce the purported agreement for more than 10 years. Therefore, Plaintiff's claims are barred by relevant statutes of limitation, including, but not limited to, NY CLS CPLR § 213 (2013).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff alleges CDI Media failed to report or remit royalty payments as required by the putative agreement at issue in this litigation since April 2003. Plaintiff slept on its rights by not taking any action to enforce the purported agreement for more than 10 years. By waiting more than 10 years to initiate the instant action or otherwise enforce the purported agreement, Plaintiff acted unreasonably under the circumstances and CDI Media suffered prejudice as a result. Therefore, Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff alleges CDI Media failed to report or remit royalty payments as required by the putative agreement at issue in this litigation since April 2003. Plaintiff failed to initiate an action or otherwise enforce the purported agreement during these 10 years leading CDI Media to reasonably conclude that Plaintiff never intended to enforce the purported agreement and that it had no right to do so. Plaintiff acquiesced to CDI Media's conduct and is therefore estopped from now asserting that such conduct caused it injury. CDI Media would now be prejudiced if Plaintiff

7316960.2

were allowed to assert its claim. Therefore, Plaintiff's claims are barred by the doctrines of abandonment, waiver and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Any agreement between Plaintiff and CDI Media was terminated on or before July 22, 2008.

## SIXTH AFFIRMATIVE DEFENSE

The terms of the putative agreement at issue in this litigation are so vague and indefinite that there is no basis or standard for deciding whether it had been kept or breached, or to fashion a remedy, and no means by which such terms may be made certain. Accordingly, the putative agreement is not enforceable as against CDI Media.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has failed to fulfill its obligations under the putative agreement at issue in this litigation or otherwise provide consideration for the agreement. Among other things, upon information and belief, Plaintiff failed to take any action to enforce the patents it purported to license under the agreement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages Plaintiff claims to have sustained and for which Plaintiff seeks recovery in this action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's material breach of any agreement between the parties, and/or the material breach of the covenant of good faith and fair dealing, excused Defendant's performance thereof.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and or entities affiliated with Plaintiff explicitly held out to the world and to CDI Media that patents within its patent pool were essential to the manufacture of DVDs. On

-7-

information and belief, such representations were either false or misleading, but were nonetheless made by Plaintiff and/or entities affiliated with Plaintiff despite knowledge of the same.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and or entities affiliated with Plaintiff made express representations regarding participation and compliance rates with its licensing programs, and the proper implementation of uniform and non-discriminatory licensing. On information and belief, such representations were either false or misleading, but were nonetheless made by Plaintiff and/or entities affiliated with Plaintiff despite knowledge of the same.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff, along with entities affiliated with Plaintiff, on information and belief, have engaged in anti-competitive practices, including improper groupings of both patents and licensors, all of which relates to the putative agreement at issue in this litigation. These anti-competitive practices make any putative agreement illegal and therefore unenforceable.

## THIRTEENTH AFFIRMATIVE DEFENSE

CDI Media expressly reserves its right to amend this Answer to assert other defenses that may be discovered in the course of this lawsuit.

## JURY TRIAL DEMANDED

In accordance with Federal Rule of Civil Procedure 38, CDI Media demands a trial by jury on all issues.

**WHEREFORE,** having answered Plaintiff's Complaint, CDI Media demands that the Complaint be dismissed for no cause of action, that Plaintiff takes nothing thereby, and that CDI Media be awarded its costs and attorneys fees and such other relief as the Court may determine to be appropriate.

-8-

Dated: New York, New York
       November 15, 2013

CARTER LEDYARD & MILBURN LLP

By: _____

Judith A. Lockhart
Michael H. Bauscher
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
lockhart@clm.com
bauscher@clm.com

-and-

PARR BROWN GEE & LOVELESS
Terry E. Welch
Royce B. Covington
Chad S. Pehrson
185 South State, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7840
twelch@parrbrown.com
rcovington@parrbrown.com
cpehrson@parrbrown.com

*Attorneys for Defendant,*
*CDI Media, Inc.*

7316960.2