USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Toshiba Corporation,

                              Plaintiff,

                -against-

CDI Media, Inc.,

                              Defendant(s).

SCHEDULING ORDER

Civ. 13-cv-06760 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J

        WHEREAS, the Court Issued on Order for a Conference in accordance with Fed. R. Civ. P. 16(b) (the "Order"); and

        WHEREAS, the Order requires that the parties Jointly prepare and sign a proposed Scheduling Order containing certain information;

        NOW, THEREFORE, the parties hereby submit the following Information as required by the Order:

(1)     the date of the conference and the appearances for the parties,

        December 19, 2013

        For Plaintiff Toshiba Corp. ("Toshiba"): Quinn Emanuel Urquhart & Sullivan, LLP, Carey R. Ramos, Rachel E. Epstein

        For Defendant CDI Media, Inc "CDI").: Parr, Brown, Gee & Loveless, Royce B. Covington, ~~Terry E. Welch~~ AND Carter Ledyard & Milburn LLP, Michael H. Bauscher

(2)     the date by which automatic disclosures will be exchanged;

        January 10, 2014

(3)     a concise statement of the issues as they then appear;

        Plaintiff's issues in this matter are 1) whether Defendant CDI breached a DVD Patent License Agreement with Plaintiff Toshiba by failing to report and pay royalties due for DVDs manufactured and sold by CDI and 2) the amount of royalties owed.

        Defendant's issues in this matter are: (1) Is there an enforceable agreement between Toshiba and CDI Media? (2) Does the DVD License Agreement lack

specificity so as to render it unenforceable? (3) What patents were purportedly licensed to Defendant under the DVD License Agreement? (4) What are the "Essential Patents" under the DVD License Agreement? (5) Are the "Essential Patents" valid? (6) What representations were made by Toshiba (or members of the Licensing Group) to induce CDI to enter into the DVD License Agreement? (5) What consideration, if any, was there for the DVD License Agreement? (6) When did the statute of limitations run on Plaintiff's claims in the lawsuit? (7) Was the DVD License Agreement terminated by a representative of the Licensing Group in July 2008?

(4)     a schedule including:

  (a)     the names of persons to be deposed and a schedule of planned depositions;

          Toshiba believes that the issues can be adjudicated without discovery and that discovery should be limited to automatic disclosures. This information is not yet known to CDI.

  (b)     a schedule for the production of documents;

          Toshiba believes that discovery should be limited to automatic disclosures. CDI proposes March 10, 2014.

  (c)     dates by which (1) each expert's reports will be supplied to the adverse side and (II) each expert's deposition will be completed;

          Toshiba believes that discovery should be limited to automatic disclosures. CDI proposes May 26, 2014, with rebuttal expert reports due on June 25 and depositions of experts to be completed by July 25, 2014;

  (d)     time when discovery is to be completed;

          Toshiba believes that discovery should be limited to automatic disclosures. CDI proposes a fact discovery deadline of May 10, 2014 and an expert discovery deadline of July 25, 2014.

  (e)     the date by which plaintiff will supply its pre-trial order matters to defendant;

      (1)     Toshiba believes that discovery should be limited to automatic disclosures. CDI proposes no later than August 25, 2014.

  ii.     the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and

2

either (1) proposed finding of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions, for a jury trial; and

(1)    Toshiba believes that discovery should be limited to automatic disclosures. CDI proposes no later than September, 2014.

(f)    a space for the date for a final pre-trials conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference.

*further order to be issued after decision on summary judgment* (leave blank)

(5)    a statement of any limitations to be placed on discovery, including any protective or confidentiality orders;

CDI may require a protective order for certain financial and/or sales data it may produce. Toshiba believes that the issues can be adjudicated without discovery and that discovery should be limited to automatic disclosures.

(6)    a statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement;

Counsel are unable to agree on a discovery schedule, as Toshiba believes that the issues can be adjudicated without any fact or expert discovery beyond automatic disclosures. CDI believes that the case requires fact discovery, including both documents and depositions, as well as potential expert testimony and related discovery. CDI proposes a fact discovery period not exceeding 120 days. CDI also proposes that expert disclosures and reports be provided within 15 days of close of fact discovery, with any rebuttal expert reports to be due 30 days thereafter. All expert discovery, including any depositions of experts, will be completed within 85 days of the close of fact discovery.

(7)    anticipated fields of expert testimony, if any;

Patent validity and applicability.

(8)    anticipated length of trial and whether to court or jury;

Toshiba anticipates a one day bench trial. CDI anticipates a three day jury trial.

(9)    a statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires;

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the Conference or when justice so requires.

(10)    names, addresses, phone numbers and signatures of counsel;

| | |
|---|---|
| Carey R. Ramos (212) 849-7133 | |
| Rachel E. Epstein (212) 849-7485 | |
| Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Ave., 22nd Fl.<br>New York, NY 10010<br>Attorneys for Plaintiff Toshiba Corp. | |

| | |
|---|---|
| Royce B. Covington (801) 257-7952 | |
| Terry E. Welch (801) 257-7950 | |
| Parr, Brown, Gee & Loveless<br>185 S. State St. #800<br>Salt Lake City, UT 84111<br>Attorneys for Defendant CDI Media, Inc. | |

| | |
|---|---|
| Judith A. Lockhart  (212) 732-3200 | |
| Michael H. Bauscher (212) 732-3200 | |
| Carter Ledyard & Milburn, LLP<br>2 Wall Street<br>New York, New York 10005<br>Local Counsel for Defendant CDI Media, Inc. | |

SO ORDERED:

4